IN THE SUPREME COURT OF THE STATE OF DELAWARE

REGINA GRANT,[1]          §
                            § No. 447, 2022
      Petitioner Below,        §
      Appellant,             § Court Below—Family Court
                            § of the State of Delaware
      v.                    §
                            § File No. CK21-02380
SKLAR DAY, KENNEDY TUCKER,  § Petition Nos. 22-19499
and RAYMOND GRANT,      §               22-16235
                            §
      Respondents Below,    §
      Appellees.            §

Submitted: May 12, 2023
Decided: July 10, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the opening brief and the record below, it appears to the Court that:

(1) The petitioner below-appellant, Regina Grant ("the Paternal Grandmother"), filed this appeal from the Family Court's November 10, 2022 order dismissing her petition for guardianship of her granddaughter ("the Child"). We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     The Child was born in 2017 and lived with the Paternal Grandmother until April 2021 when the Child suffered burns on a treadmill.  The Child began living with the respondent below-appellee Skylar Day.  On August 3, 2021, Day filed a petition for guardianship of the Child.  With the support of the Division of Family Services ("DFS"), Day obtained interim guardianship of the Child in November 2021.

(3)     On December 2, 2021, the Paternal Grandmother filed a petition for guardianship of the Child.  After a hearing on July 14, 2022, the Family Court held that it was in the best interests of the Child for Day to have guardianship.  The Family Court denied the Paternal Grandmother's petition for guardianship.

(4)     On July 14, 2022, the Paternal Grandmother filed a petition for third-party visitation with the Child.  She filed amended petitions for visitation on July 19, 2022 and August 22, 2022.

(5)     On September 14, 2022, the Paternal Grandmother filed a petition for guardianship of the Child and one of the Child's older half-brothers.  She also filed a motion and affidavit for an emergency *ex parte* order, alleging that Day's sons were sexually molesting the Child.  The Family Court referred the case to DFS for investigation and scheduled an emergency hearing for October 6, 2022.  After the October 6, 2022 hearing, the Family Court removed the Child's older brother from

2

the petition because he had a separate file and stated that the Paternal Grandmother could file a separate petition for guardianship of the Child's older brother.

(6) As to the Child, DFS had been unable to investigate the Paternal Grandmother's petition. The Child was scheduled for an interview at the Child Advocacy Center on October 18, 2022. The Family Court scheduled another hearing for October 27, 2022, and then rescheduled the hearing for November 10, 2022.

(7) At the November 10, 2022 hearing, the Family Court heard testimony from the Paternal Grandmother, Day, a DFS employee, and a police officer. According to the DFS employee, the Child did not disclose any abuse during her interview at the Child Advocacy Center. Day's sons denied molesting the Child. The police officer testified that the investigation had been closed. DFS had no concerns about the Child being in Day's care.

(8) On November 22, 2022, the Family Court dismissed the Paternal Grandmother's petition for guardianship. Based upon a review of the files (which reflected that this was the second time the Paternal Grandmother had accused one of Day's children of molesting the Child), the history of the case, and the hearing testimony, the Family Court expressed concern for the Paternal Grandmother's mental health and that the Paternal Grandmother was fabricating the allegations of abuse. The Family Court emphasized that it had held a full guardianship hearing on July 14, 2022 and that guardianship was decided then. The Family Court ordered

3

that all contact between the Paternal Grandmother and the Child be supervised and referred the matter to a visitation center for biweekly visitation. This appeal followed.

(9) This Court's review of a Family Court order extends to a review of the facts and the law.[2] We review issues of law *de novo*.[3] If the Family Court has correctly applied the law, our review is limited to abuse of discretion.[4]

(10) On appeal, the Paternal Grandmother primarily challenges the removal of the Child from her care in April 2021 and the Family Court's July 14, 2022 decision denying her petition for guardianship. She also contends that Day has failed to bring the Child to the visitation center in April and May for visitation. That claim is outside the scope of this appeal.[5]

(11) Having reviewed the Family Court's November 10, 2022 order, the record on appeal, and Day's papers, we conclude that the Family Court did not err in dismissing the Paternal Grandmother's petition for guardianship. The Family Court held on July 14, 2022 that it was in the best interests of the Child for Day to have guardianship. The Paternal Grandmother did not appeal the Family Court's July 14, 2022 decision and cannot relitigate that decision in this appeal. She alleged

---

[2] *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983).
[3] *In re Heller*, 669 A.2d 25, 29 (Del. 1995).
[4] *Jones v. Lang*, 591 A.2d 185, 187 (Del. 1991).
[5] *See, e.g., Naccari v. Quails*, 2019 WL 5485933, at *1 (Del. Oct. 24, 2019) (describing claims based on events occurring after issuance of the order on appeal as outside the scope of the appeal).

4

sexual abuse of the Child in her second petition for guardianship, but the Family Court found no basis for those allegations after the November 10, 2022 hearing. The Paternal Grandmother failed to show that granting her petition for guardianship would be in the best interests of these Child. Under these circumstances, the Family Court did not err in dismissing the Paternal Grandmother's petition for guardianship.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

5